UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:25-cv-00629-MOC

| ERIC WILSON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| | ) | **MEMORANDUM OF DECISION** |
| MECKLENBURG COUNTY | ) | **AND ORDER ON INITIAL** |
| SHERIFF'S DEPARTMENT, | ) | **REVIEW** |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff is proceeding in forma pauperis in this matter. [Docs. 2, 5].

**I.  BACKGROUND**

Pro se Plaintiff Eric Wilson ("Plaintiff") is a pretrial detainee currently detained at the Gaston County Jail in Gastonia, North Carolina. On August 21, 2025, he filed this action pursuant to 42 U.S.C. § 1983, against Defendants Mecklenburg County Jail (the "Jail") and Mecklenburg County Sheriff's Department for events he alleged occurred at the Jail in Charlotte, North Carolina. [Doc. 1]. Plaintiff alleges as follows. From March 10, 2025, to April 2, 2025, Plaintiff was housed in a cell with fecal matter on the walls. On March 10, another inmate "sprayed more fecal matter into the cell." Sergeant Smith did not move the Plaintiff, and Plaintiff was forced to eat in the infested cell. Plaintiff got "extremely ill" from inhaling the fumes from the fecal matter. [Id. at 4]. Plaintiff purports to sue the entity Defendants in their individual and official capacities. [Id. at 2].

Plaintiff purports to allege violation of his rights under the Eighth Amendment.[1]  [Id. at 3]. For injuries, Plaintiff claims that he was ill for weeks, had to be treated for food poisoning, and suffered mental and emotional distress. [Id. at 5].  Plaintiff seeks monetary relief only.  [Id. at 5].

## II.     STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  Furthermore, a pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.    DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed

---

[1] The Court will address those claims fairly raised by Plaintiff's Complaint.

by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

"[A] pretrial detainee has a right under the Due Process Clause to be free from punishment before his guilt is adjudicated." Tate v. Parks, 791 Fed. App'x 387, 390 (4th Cir. 2019) (citing Bell v. Wolfish, 441 U.S. 520, 535 (1979)). An individual pretrial detainee may raise a substantive due process challenge to his conditions of confinement "where they are so disproportionate or arbitrary that they are not related to legitimate penological objectives and amount to punishment." Id. (citing Williamson v. Stirling, 912 F.3d 154, 174-76 (4th Cir. 2018)). "To prevail on such a claim, a detainee must show that the challenged treatment or conditions were either (1) imposed with an express intent to punish, or (2) not reasonably related to a legitimate nonpunitive objective, in which case an intent to punish may be inferred." Id. (citing Williamson, 912 F.3d at 178).

A jail, however, is not a "person" subject to suit under § 1983. See Brooks v. Pembroke Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989). As such, Plaintiff has failed to state a claim against Defendant Jail and the Court will dismiss this Defendant.

As to Defendant Mecklenburg County Sheriff's Department, under North Carolina law, a sheriff's office is not a legal entity capable of being sued under 42 U.S.C. § 1983. Parker v. Bladen County, 583 F.Supp.2d 736, 740 (E.D.N.C. June 27, 2008); see also Moore v. City of Asheville, 290 F.Supp.2d 664, 673 (W.D.N.C. 2003), aff'd, 396 F.3d 385 (4th Cir. 2005) (dismissing claims against city police department for lack of capacity). As such, the Mecklenburg County Sheriff's Department will be dismissed as a Defendant in this matter. To the extent Plaintiff intended to name individual employees of the Sheriff's Department in relation to the allegations of his

Complaint, the Court will allow Plaintiff an opportunity to file an amended complaint as to this claim.

Finally, the body of the Complaint contains allegations against individuals who are not named as defendants in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("[T]o make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity."). The allegations directed at individuals not named as Defendants are therefore dismissed without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and will be dismissed without prejudice. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint [Doc. 1] fails initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B) for Plaintiff's failure to state a claim for relief and shall be **DISMISSED WITHOUT PREJUDICE** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that all Defendants are hereby **DISMISSED** as Defendants in this matter.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: September 29, 2025

Max O. Cogburn Jr.
United States District Judge